**Ray CAMPBELL, Plaintiff,**

v.

**James BENNETT, et al., Defendants.**

**Civil Action No. 2:02cv784–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Sept. 20, 2004.

Christopher E. Malcom, Malcom, Terry, & Shelton PC, Moulton, AL, Timothy L. Shelton, Decatur, AL, for Plaintiff.

Charles Edward Grainger, Jr., Alabama Secretary of State's Office, John J. Park, Jr., Office of the Attorney General, Montgomery, AL, for Defendant.

## OPINION

MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiff Ray Campbell challenges a change in the deadline for independent-candidate registration, and the corresponding rejection of his candidacy by the State Election Board based on his failure to satisfy the new deadline. The defendants are the Alabama Secretary of State and two county probate judges. Campbell's challenge is based on the First and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C.A. § 1983. The court's jurisdiction has been properly invoked pursuant to 28 U.S.C.A. § 1331.

Currently before the court are the motions for summary judgment filed by both Campbell and the defendants. For the reasons below, the court will deny the summary-judgment motions and will instead *sua sponte* issue a show-cause order as to why this case should not be dismissed as moot.

### I.

On July 11, 2002, Campbell filed a complaint requesting that this court grant a preliminary and permanent injunction, enjoining the defendants from enforcing Act No. 2001–1131 as to his candidacy, and requiring that his name be placed on the ballot in the 2002 election for the Alabama House of Representatives, District 7.[1] On August 8, after a hearing, this court granted Campbell's request for a preliminary injunction. *Campbell v. Bennett,* 212 F.Supp.2d 1339 (M.D.Ala.2002). Campbell

---

1. Campbell also asked this court to declare that the statute violated the Alabama Constitution. However, this state-law claim was dismissed at his request. Order entered August 26, 2002, (Doc. no. 23).

and the defendants now move for summary judgment. The relevant facts in this case are not in dispute, and have been outlined in detail in the court's opinion granting Campbell's application for a preliminary injunction. Rather than repeat itself, the court will summarize the relevant facts.

On April 23, 2002, Campbell decided to run as an independent candidate for the Alabama House of Representatives, District 7. At that time, and until May 28, Alabama law required Campbell register his candidacy by July 1, 2002. On December 28, 2001, the Governor of Alabama signed Act No. 2001–1131, which amended the State's "sore loser" statute by moving the deadline for independent-candidate registration from July 1 to June 4.[2] Act No. 2001–1131 would not go into effect until it was precleared by the United States Justice Department, and as late as May 24, when Campbell accessed the Secretary of State's website, July 1 was still listed as the deadline for independent-candidate registration, with no warning of possible preclearance of the new law. On May 28, however, the Justice Department precleared the new law, and the deadline for independent-candidate registration suddenly was changed to June 4, just one week away.

On May 29, when the Secretary of State's Office was notified about the new deadline, it issued a press release to the general public and began a mass mailing which informed all probate judges that the new law had been precleared and the new deadline would apply to the 2002 election cycle. The mailing was undertaken in an attempt to utilize the probate judges and have them inform the local independent candidates of the change.

Campbell, however, did not learn that Act No. 2001–1131 had been precleared until 10:00 p.m. on Sunday, June 2, when he was watching the local news; at this point the deadline was only two days away. Campbell was unable to obtain the remaining number of signatures he needed for registration by June 4; on June 21, however, he submitted his registration to the Elections Office of the Secretary of State, attaching the signatures of approximately 450 qualified voters, well in excess of the number needed to be placed on the ballot. His registration, however, was denied as untimely.

In this court's opinion granting a preliminary injunction, which required the defendants to place Campbell's name on the upcoming election ballot, the court identified the "issue in this case [as] the due-process concept of fair notice, which is central to the legitimacy of our legal system." *Campbell*, 212 F.Supp.2d at 1343. This court went on to discuss the fact that the deadline change from July 1 to June 4 was not itself unconstitutional. Instead, the change in deadline was unconstitutional because Campbell was given only one week to conform his behavior to the new deadline. *Id.* at 1343–44.

Furthermore, the court held that the right of independent candidates to obtain ballot access was fundamental; that it had been "abridged by the lack of notice" of the deadline change; and that this "lack of fair notice pushe[d] the application of the new deadline to Campbell into unconstitutional territory." *Id.* at 1344. The right to ballot access cannot be drastically abridged, as it was here, without a correspondingly strong state objective. *Id.* at 1345–46. Because the State did not ad-

---

**2.** For the text of § 17–7–1 of the 1975 Alabama Code prior to the passage of Act No. 2001–1131, see appendix A of the preliminary injunction order, *Campbell v. Bennett*, 212 F.Supp.2d. 1339 (M.D.Ala.2002). For the text of § 17–7–1 after passage of the Act, see appendix B of that opinion.

vance a strong purpose that justified changing the deadline on such short notice, this court found that Campbell had demonstrated a likelihood of success on the merits of his claim.

The defendants contend that they are entitled to summary judgment because the change in the deadline was a procedural regulation justified by the State's interests, which include: (1) educating voters and allowing time for the electorate to evaluate all the available information; (2) providing equal treatment for partisan and independent candidates; and (3) preventing "sore losers" from running as independent candidates.[3] Additionally, they argue that Campbell's reliance on representations by State officials that the deadline was July 1 was unreasonable and that he could have prepared for the new deadline in advance of its preclearance. In his motion for summary judgment, Campbell basically asks this court to adopt its previous reasoning in granting him a preliminary injunction.

## II.

The court cannot reach the same issues that it reached at the preliminary-injunction stage. This case is somewhat analogous to *Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969), where the Supreme Court held that the plaintiffs' lawsuit should be dismissed because it was moot. There, the plaintiffs sued to challenge Colorado's six-month residency requirement for voting but after they brought suit Colorado changed its law so that there was only a two-month residency requirement. The Supreme Court stated that "the appellants will face disenfranchisement in Colorado in [the next election cycle] only in the unlikely event that they first move out of the State and then reestablish residence there within two months of the presidential election in that year.

Or they may take up residence in some other State, and in 1972 face disqualification under that State's law." *Id.* at 49, 90 S.Ct. at 202. The Court therefore concluded that, "The case has ... lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Id.* at 48, 90 S.Ct. at 201–202.

Similarly here, the only way the same wrong could recur for Campbell would be if Alabama were to change the law regarding the registration deadline again and fail to give them notice of it again, or if Campbell were to move to another State where the deadline was changed at the last minute. It appears from the current record that these things are not reasonably likely to occur. Accordingly, the court will require that all parties show cause as why this lawsuit should not be dismissed as moot.

An appropriate order will be entered.

## ORDER

In accordance with the memorandum opinion entered this date, the following is the ORDER, JUDGMENT, and DECREE of the court:

(1) Plaintiff Ray Campbell's motion for summary judgment, filed August 16, 2002 (Doc. no. 16), and defendants James Bennett, Richard I. Proctor, and Casandra Horsley's motions for summary judgment, filed on July 31, 2002, and January 24, 2003 (Doc. nos. 6 & 31), are denied at this time.

(2) The parties are to show cause, if any there be, in writing by September 7, 2004, as to why the this case should not be dismissed as moot

---

**3.** Defs.' Memorandum in Support of Mot. for Summ. J. at 8–9.

## OPINION

By order entered on August 24, 2004, the court required that "[t]he parties ... show cause, if any there be, in writing by September 7, 2004, as to why this cause should not be dismissed as moot." In an accompanying memorandum opinion, the court explained as follows:

"[T]he only way the same wrong could recur for Campbell would be if Alabama were to change the law regarding the registration deadline again and fail to give him notice of it again, or if Campbell were to more to another State where the deadline was changed at the last minute. It appears from the current record that these things are not reasonably likely to occur."

On September 7, 2004, the defendants filed a response agreeing that the case is moot. The plaintiff filed no objection. This case is, therefore, due to be dismissed as moot.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that this cause is dismissed in its entirety as moot.

It is further ORDERED that the parties are to bear their own costs.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.